IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ALICIA PRIDE,

      Plaintiff,

v.                                    Civil Action No. 3:15cv115

UNITED PARCEL SERVICE, INC.,

      Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on Defendant United Parcel Service, Inc.'s ("UPS")

Motion to Dismiss the Amended Complaint ("Second Motion to Dismiss") pursuant to Federal

Rule of Civil Procedure 12(b)(6)[1] and based on *pro se* Plaintiff Alicia Pride's failure to comply

with a prior order of this Court.[2] (ECF No. 14.)  UPS provided Pride with appropriate *Roseboro*[3]

notice. (Mem. Supp. [Second] Mot. Dismiss ("Def.'s Mem. Supp.") 11, ECF No. 15.)  The

Court dispenses with oral argument because the materials before the Court adequately present

the facts and legal contentions, and argument would not aid the decisional process.  This matter

is ripe for disposition.  For the reasons that follow, the Court will grant UPS's Motion to Dismiss

and dismiss the Amended Complaint based on Pride's failure to comply with a prior order of this

Court.

---

[1] A party may move to dismiss a claim against it based on the "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

[2] Rule 41(b) governs this type of dismissal and states, in pertinent part:  "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).

[3] *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).

## I. Legal Standards

### A.   Federal Rule of Civil Procedure 41(b)

Courts have "clear authority to dismiss a plaintiff's complaint in appropriate cases."
*Potter v. SunTrust Bank*, No. 3:14cv436, 2015 WL 5098882, at *2 (E.D. Va. Aug. 31, 2015)
(citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)), *aff'd*, 622 F. App'x 269 (4th
Cir. 2015).  Under Federal Rule of Civil Procedure 41(b),[4] for instance, "a court may dismiss a
plaintiff's claims if he [or she] fails to abide by the Federal Rules of Civil Procedure or any court
order." *Id.*

Under a Rule 41(b) analysis, the Court must consider the following:  "(1) the degree of
the plaintiff's personal responsibility for the failure to comply; (2) the prejudice caused to the
defendant; (3) the plaintiff's history of deliberately proceeding in a dilatory fashion; and[,]
(4) the availability of a less drastic sanction." *Id.* (citing *Ballard v. Carlson*, 882 F.2d 93, 95 (4th
Cir. 1989)).  But, "[a] district court need not engage in a rigid application of this test . . . when a
litigant has ignored an express warning that failure to comply with an order will result in the
dismissal of his [or her] claim." *Taylor v. Huffman*, No. 95–6380, 1997 WL 407801, at *1 (4th
Cir. 1997) (citing *Ballard*, 882 F.2d at 95–96).  Although *pro se* plaintiffs are generally "entitled
to some deference," such a status does not relieve the plaintiff of his or her duty to abide by the

---

[4] Federal Rule of Civil Procedure 41(b) provides:

> **(b) Involuntary Dismissal; Effect.**  If the plaintiff fails to prosecute or to comply
> with these rules or a court order, a defendant may move to dismiss the action or
> any claim against it. Unless the dismissal order states otherwise, a dismissal under
> this subdivision (b) and any dismissal not under this rule—except one for lack of
> jurisdiction, improper venue, or failure to join a party under Rule 19—operates as
> an adjudication on the merits.

Fed. R. Civ. P. 41(b).

rules and orders of this Court. *See Yarid v. Brennan*, No. 3:15cv326, 2015 WL 5178940, at *2

(E.D. Va. Sept. 3, 2015) (citing *Ballard*, 882 F.2d at 96). Ultimately, whether to dismiss a claim

for a plaintiff's failure to abide by a court order is within the sound discretion of the court.

*Potter*, 2015 WL 5098882, at *2 (citing *Anderson v. Found for Advancement*, 155 F.3d 500, 504

(4th Cir. 1998)).

### B.   Federal Rule of Civil Procedure 12(b)(6)

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint;

importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the

applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.

1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356

(1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded

allegations are taken as true and the complaint is viewed in the light most favorable to the

plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*,

980 F.2d at 952. This principle applies only to factual allegations, however, and "a court

considering a motion to dismiss can choose to begin by identifying pleadings that, because they

are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556

U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the

claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007) (omission in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions"

or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a

plaintiff must assert facts that rise above speculation and conceivability to those that "show" a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678–79 (citing *Twombly*, 550 U.S. at 570; Fed. R. Civ. P. 8(a)(2)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citations omitted).

## C.    Obligation to Construe *Pro Se* Complaints Liberally

District courts have a duty to construe *pro se* pleadings liberally. *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). A *pro se* plaintiff must nevertheless allege "facts that state a cause of action." *Id.* (citation omitted). The Court cannot act as a *pro se* litigant's "advocate and develop, *sua sponte*, statutory and constitutional claims" that the litigant failed to raise on the face of the complaint. *Newkirk v. Circuit Court of the City of Hampton*, No. 3:14cv372, 2014 WL 4072212, at *1 (E.D. Va. Aug. 14, 2014).

## II.  Procedural and Factual History

### A.    Procedural History

The Court reviews the procedural history of this case in detail because it frames the evaluation of the Amended Complaint. On February 27, 2015, Pride filed her Complaint against UPS. (ECF No. 1.) The Complaint appeared to allege "harassment," "retaliation," "defamation of character/slander," and other claims in the context of Pride's employment at UPS. (Compl. 3, ECF No. 1.) On May 11, 2015, UPS filed a motion to dismiss the Complaint ("First Motion to

Dismiss"). (ECF No. 7.) UPS provided Pride with appropriate *Roseboro* notice. (Mem. Supp. Def.'s [First] Mot. Dismiss 13, ECF No. 8.)

On June 3, 2015, two days after the expiration of the deadline to respond to the First Motion to Dismiss, Pride moved to amend her Complaint.[5] (ECF Nos. 10–11.) On June 10, 2015, this Court granted Pride leave to file an amended complaint and denied the First Motion to Dismiss "without prejudice." (ECF No. 12.) Although Pride did not attach a proposed amended complaint to her motion, the Court permitted the filing of an amended complaint taking into consideration the interests of justice, Pride's *pro se* status, the freedom with which amendment should be permitted, and the lack of harm or prejudice to UPS at that early stage of litigation. (June 10, 2015 O. 2, ECF No. 12.).

Because the Court allowed Pride to amend her complaint on an untimely basis, the June 10, 2015 Order gave Pride specific instructions regarding her Amended Complaint and imposed a definitive June 22, 2015 deadline. (June 10, 2015 O. ¶¶ 1, 2(a)–(d), ECF No. 12.) The Court warned Pride that the "failure to comply strictly with the requirements set forth [in the June 10, 2015 Order] [would] result in dismissal of the action *without prejudice*." (*Id.* ¶ 3 (emphasis added) (citing Fed. R. Civ. P. 41(b)) (footnote omitted).) The Court also informed Pride that her Amended Complaint "must stand or fall of its own accord." (*Id.* ¶ 2(c).)

On June 26, 2015, four days after the imposed deadline expired, Pride filed her Amended Complaint. (ECF No. 13.) By doing this, Pride missed an essential court deadline for a second

---

[5] On May 11, 2015, UPS filed its First Motion to Dismiss. Pride's response was due on June 1, 2015. *See* Loc. Civ. R. 7(K). On June 3, 2015, Pride submitted one document entitled "Motion to Amend Complaint . . . And Response to Defendants Motion to Dismiss." The Clerk's Office docketed Pride's filing as a Motion to Amend (ECF No. 10) and a response to UPS's First Motion to Dismiss (ECF No. 11). The docket entries are identical, except that ECF No. 11 does not include the four attachments appended to ECF No. 10.

time.  The Amended Complaint appears to assert a claim for Title VII retaliation and, under

Virginia common law, intentional infliction of emotional distress ("IIED").  (*See* Am. Compl.

at 1–3.)[6]  It lists as defendants, in two locations, the following: (1) "Regional and District

Manager UPS (Names Unknown)"; (2) "David Prince, Twilight Manager UPS"; (3) "Leslie

Gleue, Human Resources Supervisor, UPS"; and, (4) "T.J. (Last Name Unknown) Full-Time

Supervisor, UPS."  (*Id.* at 1, 3.)

UPS moved to dismiss the Amended Complaint.  (ECF Nos. 14–15.)  Pride responded to

the Second Motion to Dismiss, and UPS replied.[7]  (ECF Nos. 17, 19.)  After briefing concluded,

Pride filed a document called "Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's

Amended Complaint" ("Pride's Second Response"), (ECF No. 20), in violation of the Local

Rules for the United States District Court for the Eastern District of Virginia.  *See* E.D. Va. Loc.

Civ. R. 7(F)(1).[8]  Also in contravention to the Local Rules, UPS responded to Pride's Second

Response without leave of court.  (ECF No. 21.)

**B.      Summary of Allegations in the Amended Complaint**

The allegations in the Amended Complaint concern Pride's employment at UPS between

July 2013 and November 2013.  The Amended Complaint contains conclusory factual

---

[6] The Amended Complaint does not contain page numbers.  For ease of reference, the
Court adopts the page numbers utilized by the CM/ECF docketing system.

[7] Pride sought additional time to respond to the Second Motion to Dismiss.  (ECF
No. 16.)  Before the Court ruled on Pride's motion, Pride filed her "Response to Defendants'
[sic] [Second] Motion to Dismiss Plaintiff's [Amended] Complaint."  (ECF No. 17.)  The Court
denied Pride's motion for an extension of time as moot.  (ECF No. 18.)

[8] Local Civil Rule 7(F)(1) states in pertinent part:  Following the submission of a
responsive brief and a reply brief, "[n]o further briefs or written communications may be filed
without first obtaining leave of Court."  E.D. Va. Loc. Civ. R. 7(F)(1).

allegations.  Construing Pride's Amended Complaint liberally, the Court interprets the Amended

Complaint to raise two claims:

> Claim I:     Retaliation in the form of harassment for "speaking up against
> discriminatory practices," (Am. Compl. 3), in violation of Title VII, 42
> U.S.C. § 2000e *et seq.*;[9] and,
>
> Claim II:    Intentional infliction of emotional distress ("IIED").[10]

In July 2013, Pride returned to work at UPS as a part time supervisor.  Four months later,

she "voluntarily resigned from employment in November 2013 due to severe harassment." (Am.

Compl. 1.)  Pride alleges she "witnessed discrimination practices being conducted[,] which [she]

believed would result in potential lawsuits in the future for [UPS]." (*Id.*)  The Amended

Complaint does not describe what Pride "witnessed."

"[C]oncerned" that UPS would "possibly [be] sued for law violations," and "using good

faith to only reduce the risk of violations of laws," Pride sent "multiple emails" regarding how

UPS could "avoid EEOC lawsuits." (*Id.*)  Pride sent these emails between September and

October 2013.  Pride avers that her "direct Manager David Prince . . . agreed to have [her] send

him information to help improve the operations." (*Id.*)

---

[9] To state a claim for retaliation under Title VII, a plaintiff must allege:  (1) that he or she
engaged in a protected activity; (2) that his or her employer took an adverse employment action
against him or her; and, (3) that a causal link exists between the two events. *DeMasters v.
Carilion Clinic*, 796 F.3d 409, 416 (4th Cir. 2015).

[10] To state a claim for IIED under Virginia law, a plaintiff must plausibly allege:  (1) "the
wrongdoer's conduct was intentional or reckless"; (2) "the conduct was outrageous and
intolerable in that it offends against the generally accepted standards of decency and morality";
(3) "there was a causal connection between the wrongdoer's conduct and the emotional distress";
and, (4) "the emotional distress was severe." *Womack v. Eldridge*, 210 S.E.2d 145, 148
(Va. 1974).  Because of the "risks inherent in torts where injury to the mind or emotions is
claimed," Virginia law does not favor the tort of intentional infliction of emotional distress.
*Harris v. Kreutzer*, 624 S.E.2d 24, 33 (Va. 2006) (citation omitted).

Pride then claims "[she] was "retaliated against" for sending the emails. (*Id.*) After sending these emails, "the next day multiple women within operations were re-located to office positions." (*Id.*) Pride was told she "was going to be moved to the Training Department." (*Id.*) Pride "went to the Training Department for approximately two days and was then placed back in the same operations and then encountered a severe period of harassment by multiple upper management employees . . . ." (*Id.*) Pride does not further describe the "severe" harassment she encountered once she returned to her position.

In October 2013, Pride "utilized UPS's Human Resources for help inside the operations." (*Id.*) Pride worked with Supervisor Leslie Gleue, but Gleue "offered no relief." (*Id.*) During November 2013, individuals at UPS communicated "rumors" of her part-time job at UPS with her "full-time" employer "Probation and Parole District One." (*Id.*)

"After a period of harassment that felt like a hostile work environment, [Pride] contacted [the] UPS Hotline[11] [and] told them of the incidents that occurred." (*Id.* at 2.) Pride does not explain or detail the "harassment" or the "hostile work environment" she experienced. Pride avers she experienced "additional harassment" from UPS personnel, including "Regional and District Managers David Prince and T.J. [last name unknown]." (*Id.* at 2.) Again, the Amended Complaint does not contain factual allegations of this "additional harassment."

Pride "resigned voluntarily" shortly thereafter. (*Id.*) In November 2013, "Senior Probation and Parole [Officer] Rose Brassington from Probation and Parole District One recommended that [Pride] transfer to another District within Probation and Parole due to the excessive rumors that occurred on the job which originated from UPS employees . . . ." (*Id.*)

---

[11] Pride does not describe the "UPS Hotline." Presumably, Pride references a phone number that UPS employees may call to report workplace incidents.

These "rumors" include that Pride "was causing problems," "was whistleblowing," and "that

they[12] [could lose] their jobs from what [Pride] sent to Human Resources and Hotline." (*Id.*)  In

January 2014, "Deputy Probation and Parole Officer Simon Miranowicz recommended [that]

[Pride] go on short term disability." (*Id.*)  In February 2014, "[Pride] was . . . diagnosed by a

psychiatrist with a mood disorder." (*Id.*)  She seeks $85 million in damages and injunctive relief.

### III.  Analysis

Because Pride fails a second time to comply with the Court's rules and instructions, the

Court will dismiss the Amended Complaint without prejudice pursuant to Rule 41(b) as it said it

would in its June 10, 2015 Order.  (June 10, 2015 O. ¶ 3.)  In spite of a clear warning, Pride did

not file her Amended Complaint within the time period prescribed by Paragraph 1 of the Court's

June 10, 2015 Order.  The Amended Complaint also fails to satisfy the requirements of

Paragraphs 2(a)–(d) of the June 10, 2015 Order.  More fundamentally, Pride neglected to file a

complaint meeting basic pleading standards:  she does not name UPS or any proper defendant,

rendering this Court wholly unable to review her claim.  While the Court declines UPS's

invitation to dismiss Pride's *pro se* complaint with prejudice at this juncture, the Court expressly

warns that any future filing by Pride that disregards this Court's orders or rules will be dismissed

WITH PREJUDICE.

### A.    Pride's Failures to Comply with the Court's Orders Warrant Dismissal Under Rule 41(b)

All four evaluative factors under Rule 41(b) command dismissal of Pride's Amended

Complaint without prejudice.  First, Pride filed her Amended Complaint four days after the

expiration of the deadline contained in Paragraph 1.  (*Compare* June 10, 2015 O. ¶ 1 (imposing a

June 22, 2015 deadline), *with* Am. Compl. 1 (noting Amended Complaint filed on June 26,

---

[12] The Court cannot discern whether the individuals that could lose their jobs were UPS employees or employees at Probation and Parole District One.

Case 3:15-cv-00115-MHL   Document 22   Filed 03/22/16   Page 10 of 12 PageID# 143

2015).) Pride did not seek additional time to file her Amended Complaint, either before or after June 22, 2015.

Second, the Amended Complaint does not meet the Court's requirements contained in Paragraph 2(a)–(d). As will be discussed in detail below, Pride does not name a single defendant properly. The Amended Complaint also does not "explain why [Pride] believes each defendant is liable to her" and fails to "reference the specific numbered factual paragraphs in the body of the amended complaint that support that assertion." (June 10, 2015 O. ¶ 2(b).) At base, the Amended Complaint contains conclusory assertions that lack linearity, factually or legally.

Because Pride pursues this action *pro se*, she is personally responsible for the failures described above. Thus, even given her *pro se* status, the first factor weighs in favor of dismissal. *See Potter*, 2015 WL 5098882, at *4 (finding that a *pro se* plaintiff "is entirely responsible for his [or her] actions"). The second factor, prejudice to the defendant, also supports granting a dismissal. Although no trial date has been scheduled, UPS has suffered prejudice because Pride has previously missed deadlines and her additional failure to comply with this Court's orders has needlessly delayed litigation. The third factor, the plaintiff's history of dilatory conduct, likewise weighs in favor of dismissal. Pride missed the deadline to timely respond to the First Motion to Dismiss and failed to attach a proposed amended complaint when she sought leave to amend.[13] In light of the previous order that warned only of dismissal *without prejudice*, and

---

[13] In the June 10, 2015 Order, the Court noted that it could deny her motion to amend based on her failure to attach her proposed amended complaint, pursuant to *Duncan v. Clarke*, No. 3:12cv482, 2015 WL 2218240, at *2 n.1 (E.D. Va. May 11, 2015) (noting that "[w]hen a plaintiff seeks leave to amend his [or her] complaint, 'a copy of the proposed amended pleading, and not simply the proposed amendment, must be attached to the motion (quoting *Williams v. Wilkerson*, 90 F.R.D. 168, 170 (E.D. Va. 1981))). (June 10, 2015 O. 2.)

because it can permit Pride to file a second amended complaint, the Court applies the least

drastic sanction available when dismissing this case pursuant to Rule 41.

### B. Pride's Failure to Name UPS as a Proper Defendant Likely Would Preclude the Court from Reviewing Her Claims

While UPS raises several bases to dismiss Pride's complaint, they do not mention the

most basic error before the Court: Pride did not properly name UPS as a defendant in the

Amended Complaint. Because Pride fails to name UPS as a defendant in the Amended

Complaint, Pride likely fails to state a claim against UPS for which relief may be granted.[14]

*See* Fed. R. Civ. P. 12(b)(6). In lieu of naming UPS as a defendant, Pride lists a "Regional and

District Manager UPS (Names Unknown)"; "David Prince" a UPS manager; "Leslie Gleue," a

UPS supervisor, and "T.J. (Last Name Unknown), another UPS Supervisor."[15] (Am. Compl. 1,

3.) The Amended Complaint also does not "explain why [Pride] believes each defendant is

liable to her." (June 10, 2015 O. ¶ 2(b).) By omitting UPS as a defendant and failing to link

defendants specifically to her claims, Pride utterly fails "to 'give [UPS] fair notice of . . . the

grounds upon which" her claims rest. *Twombly*, 550 U.S. at 555 (quoting *Conley*, 355 U.S. at

47). This irregularity alone likely places Pride's Amended Complaint outside the purview of this

Court's jurisdiction.

While the Court gives Pride one more opportunity to present her case, it does so

recognizing that her earlier attempts have missed the mark to such a degree that UPS did not

---

[14] Pride also does not allege that her claims have been exhausted. Before filing suit under Title VII, a plaintiff is required to file a charge with the Equal Employment Opportunity Commission and exhaust his or her administrative remedies. *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002).

[15] With respect to the individual defendants named in the Amended Complaint, UPS posits that the individual defendants have not been served with process. The Court's docket has no entries for summonses or returns pertaining to these defendants.

seek dismissal with prejudice frivolously.  That said, Pride's *pro se* status and the interests of justice commend allowing her one, final opportunity to present her claim before this Court.

### IV.  Conclusion

Pursuant to Rule 41(b), because Pride has failed to comply with the orders of this Court, the Court will grant UPS's Motion to Dismiss, (ECF No. 14), and dismiss the Amended Complaint without prejudice.  However, continued non-compliance with this Court's orders and rules will not be tolerated.  In the event Pride engages in further contumacious conduct by failing to strictly comply with the orders of this Court, the Federal Rules of Civil Procedure, or the Local Rules of this District, her second amended complaint WILL BE DISMISSED WITH PREJUDICE.

An appropriate order will accompany this Memorandum Opinion.

/s/

M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: 3/22/16

12